**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30059 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-05629-RBL |
| v. | |
| DONATO VALLE VEGA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted October 8, 2014
Seattle, Washington

Before: PAEZ, BYBEE, and CALLAHAN, Circuit Judges.

Defendant-Appellant Donato Valle Vega ("Vega") appeals his conviction

and sentence for possession of methamphetamine and cocaine with intent to

distribute. Vega argues that the district court erred when it 1) denied his motion to

suppress evidence including drugs and guns seized from his business and two other

_____

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

locations; 2) selected two alternate jurors but did not grant Vega an additional peremptory challenge and then designated the alternate jurors via a blind lottery at the close of the case; 3) denied his request for a duress jury instruction; and 4) failed to provide an adequate explanation for his sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

1. We review de novo the district court's denial of Vega's motion to suppress, though we review for clear error its factual finding that consent was voluntary. *See United States v. Brown*, 563 F.3d 410, 414 (9th Cir. 2009). "[E]vidence regarding the question of consent must be viewed in the light most favorable to the fact-finder's decision." *Id.* (citations and internal quotation marks omitted). The district court noted that (1) Vega was not in custody when he consented to the searches; (2) the officers did not draw their guns; (3) the officers gave Vega a *Miranda* warning before the searches; (4) the officers told Vega that he had the right to refuse consent; and (5) Vega was not told that a search warrant could be obtained. Based on these factual findings, the district court did not clearly err in finding that Vega voluntarily consented to the searches. *See id.* at 414–15.

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them except as necessary to explain our decision.

2.    The district court erred when it selected fourteen jurors but failed to grant Vega an additional peremptory challenge and when it randomly designated the alternate jurors at the close of trial.  *See* Fed. R. Cr. P. 24(c) (providing that where the district court impanels one or two alternate jurors, "[e]ach side is entitled to" one additional peremptory challenge); *United States v. Aguon*, 851 F.2d 1158, 1171 (9th Cir. 1988) (en banc) (designation of alternate jurors at the start of jury deliberation was an "unauthorized deviation from standard procedure") (citation omitted), *overruled on other grounds by Evans v. United States*, 504 U.S. 255 (1992).  Indeed, the government concedes that the district court's jury selection process did not comply with Federal Rule of Criminal Procedure 24.

Nevertheless, the erroneous denial or restriction of a peremptory challenge and the improper designation of alternate jurors at the close of trial are not grounds for reversal if the errors were harmless.  *See United States v. Lindsey*, 634 F.3d 541, 548–51 (9th Cir. 2011); *Aguon*, 851 F.2d at 1171.  Vega does not argue and the record does not show that any of the selected jurors were biased.  Further, Vega has not indicated whom he would have sought to strike had he been granted the additional peremptory challenge to which he was entitled.  Thus, while the district court's jury selection procedures were contrary to Rule 24, the errors were harmless.  *See Lindsey*, 634 F.3d at 550–51.

3

3. A defendant is not entitled to receive a jury instruction on duress unless the defendant makes a prima facie case establishing "(1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) lack of a reasonable opportunity to escape the threatened harm." *United States v. Ibarra-Pino*, 657 F.3d 1000, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted). Because Vega was not under constant surveillance and had several opportunities to escape or safely turn himself in to the authorities, the district court did not err in determining that Vega had not made the required prima facie case.

4. Under *Rita v. United States*, 551 U.S. 338, 356 (2007), a sentencing court must "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Where a judge simply applies the Guidelines, less explanation is required, and the reasons for a sentence may be clear from the record as a whole. *Id.* at 357–59. Here, the district court listened to Vega's sentencing arguments but emphasized the quantity of the drugs and the seriousness of trafficking in methamphetamine. Further, the court had already explicitly or implicitly rejected Vega's claims that he was under duress or acting at the direction of the government. Finally, the district court imposed a substantially below-

Guidelines sentence.  Given the facts of this case and the record as a whole, the district court's statement of reasons was sufficient.

**AFFIRMED**.